UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANE DOE - 2, a Minor through her mother and next Friend, JULIE DOE - 2, and JULIE DOE - 2,<br><br>        Plaintiffs,<br>  v.<br><br>JON WHITE, URBANA SCHOOL DISTRICT 116 BOARD OF DIRECTORS, et al.,<br><br>        Defendants. | Case No. 08-CV-2169 |

**OPINION**

This case is before the court for ruling on the Motion for Relief from Judgment and Request for Court to Decline Supplemental Jurisdiction (#112) filed by Plaintiffs, Jane Doe-2, through her mother and next friend, Julie Doe-2, and Julie Doe-2. This court has carefully considered Plaintiffs' Motion, the Objection (#114) filed by Defendants McLean County Unit District No. 5 Board of Directors, Jim Braksick, Alan Chapman, Edward Heineman and John Pye, and the Response (#115) filed by Defendant Dale Heidbreder. Following this careful and thorough consideration, Plaintiffs' Motion for Relief from Judgment (#112) is DENIED.

BACKGROUND

I. PLAINTIFFS' CASE

On July 25, 2008, Plaintiffs, through their attorney Ellyn J. Bullock, filed a Complaint (#1) in this court alleging claims under state and federal law. On December 1, 2008, this court dismissed with prejudice the Urbana School District Defendants due to a settlement of

the claims against them. The McLean School District Defendants filed a series of Motions to Dismiss as to the claims against them. Jon White answered the Complaint against him. On December 9, 2008, Plaintiffs filed a Motion for Leave to File Second Amended Complaint (#71) against White and the McLean School District Defendants.

On February 3, 2009, this court entered an Order (#94) which allowed Plaintiffs' Motion for Leave to File Second Amended Complaint and accepted Reports and Recommendations (#73, #74, #75, #76) filed by Magistrate Judge David G. Bernthal. This court therefore dismissed the counts of the Second Amended Complaint against the McLean School District Defendants with prejudice. On March 18, 2009, this court dismissed the counts against White without prejudice so that Plaintiffs could refile them in state court. Judgment (#102) was entered on March 18, 2009, and Plaintiffs appealed the dismissal of the McLean School District Defendants to the Seventh Circuit Court of Appeals. The case was orally argued on September 21, 2009. On October 13, 2009, Plaintiffs filed an Emergency Motion with the Seventh Circuit for consideration of newly discovered evidence. Plaintiffs' attorney referred to a newly discovered email from Assistant Superintendent John Pye, a document she had received during discovery in related cases. Plaintiffs' attorney argued that the newly discovered email was relevant to the claim of deliberate indifference to known teacher-on-student sexual harassment. On October 14, 2010, the Seventh Circuit denied the motion without prejudice. The Seventh Circuit stated that it viewed the motion as one more properly presented under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the judgment based on newly discovered evidence, which should be filed in the district court.

The Seventh Circuit stated that, if such a motion were filed in the district court, Plaintiffs should follow the procedures contained in Circuit Rule 57. Plaintiffs did <u>not</u> file a Rule 60(b) motion in this court based upon the newly discovered evidence.

On January 22, 2010, the Seventh Circuit entered a Opinion and affirmed this court's dismissal of Plaintiffs' claims. <u>Doe-2 v. McLean County Unit District No. 5 Bd. Of Directors</u>, 593 F.3d 507 (7th Cir. 2010). As is relevant here, the Seventh Circuit concluded that the McLean School District Defendants owed no duty to Doe-2 enforceable under Illinois tort law. <u>Doe-2</u>, 593 F.3d at 513-17. In considering Plaintiffs' state law claims, the Seventh Circuit concluded that this court had jurisdiction to rule on the state law claims. <u>Doe-2</u>, 593 F.3d at 513-14. The Seventh Circuit concluded that "the factual basis for Doe-2's state-law claims was indistinguishable from the asserted basis for her federal claim, and the district judge had devoted substantial court time and resources to analyzing the complaint's factual allegations before addressing the state-law theories." <u>Doe-2</u>, 593 F.3d at 513. The Seventh Circuit also noted that Doe-2 chose to bring all of her claims in federal court and <u>never</u> requested a dismissal of her state-law claims under 28 U.S.C. § 1367(c)(3) should her Title IX claim fail. <u>Doe-2</u>, 593 F.3d at 513-14. On February 16, 2010, this court received the mandate (#111) from the Seventh Circuit affirming this court's judgment.

## II. RELATED CASES

Around the same time that Plaintiffs filed their initial Complaint in this court, Plaintiffs Jane Doe-3 and Jane Doe-7, represented by the same counsel, filed Complaints in

the circuit court of Champaign County, bringing similar state claims against identical Defendants, but no federal Title IX claim. The trial court dismissed the claims. Eventually, the case was heard by the Illinois Supreme Court. On August 9, 2012, the Illinois Supreme Court reversed the trial court and remanded for further proceedings. Doe-3 v. McLean County Unity Dist. No. 5 Bd. of Directors, 2012 IL 112479, 973 N.E.2d 880 (2012). The court held: (1) that the McLean School District Defendants owed a duty of care to the sexually abused students to provide accurate information to the Urbana School District if, as alleged, McLean officials provided an employment verification form falsely stating that White had worked the entire school year, when he had been removed from classroom twice after reports of sexual abuse of harassment, and his employment had ended before the end of the school year; and (2) a public employee's statutory immunity from liability for negligent misrepresentation does not extend to willful and wanton conduct. Doe-3, 973 N.E.2d at 889-94.

### III.  PENDING MOTION

On December 20, 2012, Plaintiffs filed a Motion for Relief from Judgment and Request for Court to Decline Supplemental Jurisdiction (#112). Plaintiffs have asked this court to grant them relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and reopen their state law claims. Plaintiffs are seeking this relief because of the creation of new law by the Illinois Supreme Court and also because of newly discovered evidence obtained after this case was dismissed. Plaintiffs have also asked this court to decline its supplemental jurisdiction as to those state law claims if this court, in its discretion,

grants relief under Rule 60(b). Plaintiffs concede that their Motion is "unusual" but argue that it is based on novel and complex developments in the law and of the facts.

On January 24, 2013, Defendants McLean County Unit District No. 5 Board of Directors, Jim Braksick, Alan Chapman, Edward Heineman and John Pye filed their Objection to Plaintiff's Motion for Relief from Judgment (#114). On January 25, 2013, Defendant Dale Heidbreder filed his Response to Plaintiff's Motion for Relief from Judgment (#115).

First of all, this court agrees with Defendants that Plaintiffs' request for relief under Rule 60(b) based on newly discovered evidence is untimely. Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . .
>
> [or]
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) provides that a motion under Rule 60(b) must be made

within a reasonable time, and for reason (2) "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c). The Seventh Circuit has held that "[t]his time limit is jurisdictional and cannot be extended." Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006). Moreover, the catch-all provision in Rule 60(b)(6) does not override the one-year limitation applicable to Rule 60(b)(2). See Lowe v. McGraw-Hill Cos., 361 F.3d 335, 342 (7th Cir. 2004).

In this case, Plaintiffs filed an emergency motion with the Seventh Circuit regarding newly discovered evidence on October 13, 2009. The Seventh Circuit suggested filing a motion under Rule 60(b) with this court, but Plaintiffs did <u>not</u> take that action. Plaintiffs' Motion for Relief from Judgment (#112) was filed well over three years after this court entered judgment on March 18, 2009 and, to the extent that it relies on newly discovered evidence, <u>is untimely</u>.

As far as Plaintiffs' request for relief from judgment based upon the ruling of the Illinois Supreme Court in Doe-3, this court agrees with Defendants that Seventh Circuit has recognized that "a post-judgment change of law does not allow relief under Rule 60(b)." Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002), citing Norgaard v. DePuy Orthopaedics, Inc., 121 F.3d 1074 (7th Cir. 1997). The "need for finality of judgments is an overarching concern." Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc., 131 F.3d 625, 628 (7th Cir. 1997). Therefore, "[g]enerally, a change in state decisional law is insufficient to constitute an extraordinary circumstance warranting relief under Rule 60(b)." Cincinnati Ins. Co., 131 F.3d at 628. The United States Supreme Court has similarly stated that

"[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997); see also Gonzalez v. Crosby, 545 U.S. 524, 536-37 (2005) (holding that a change in statutory interpretation after the petitioner's case was "no longer pending" was not sufficiently extraordinary to merit reopening the case under Rule 60(b)(6)).

Plaintiffs here have recognized that the fact that the law has changed does not by itself justify relief. Plaintiffs argue, however, that they are "raising an extraordinary change in law made by the Illinois Supreme Court in a case so closely related to hers that the seminal change in law by the state's highest court constitutes the extraordinary circumstances that support relief from judgment." Plaintiffs argue that they will suffer injustice if they are not able to seek redress under the newly announced Illinois Supreme Court common law rule.

The court in Cincinnati Ins. Co. addressed a situation somewhat similar to the circumstances here. There, because of a ruling by the Indiana Supreme Court, some parties potentially responsible for an environmental cleanup obtained insurance coverage for the litigation regarding the cleanup. Cincinnati Ins. Co., 131 F.3d at 629. However, the appellant, Flanders Electric Motor Service, Inc., did not have insurance coverage for the environmental cleanup litigation because the Seventh Circuit affirmed the district court's ruling that its insurance policy did not provide coverage before the Indiana Supreme Court ruled differently. Cincinnati Ins. Co., 131 F.3d at 629-30. The appellant sought relief from judgment, and the Seventh Circuit determined that the appellant had not "made a compelling showing of such hardship and unfairness sufficient to demonstrate that the district court

abused its discretion in denying it relief under Rule 60(b)(6)." Cincinnati Ins. Co., 131 F.3d at 630.

The Seventh Circuit noted that what federal courts in diversity cases attempt to do "is to make a studied effort to determine how a state's highest court would interpret the law in question." Cincinnati Ins. Co., 131 F.3d at 628. The court stated that, of course, "as in any human endeavor, such predictions are not always accurate, but that does not mean that the decision of the federal court - where the prediction is rendered incorrect by a subsequent state supreme court decision - warrants being set aside under Rule 60(b). Cincinnati Ins. Co., 131 F.3d at 628. The court stated:

> Any change in the law may leave one or more parties of earlier litigation with the feeling that they have been treated unfairly, but this must be balanced with the need for finality of litigation. Absent extraordinary circumstances creating a substantial danger that the underlying judgment was unjust, it is certainly a proper use of a district court's discretion to invoke the strong policy favoring the finality of judgments.

Cincinnati Ins. Co., 131 F.3d at 630.

This court concludes that the same analysis is appropriate in this case, even though this court did not rule based upon diversity jurisdiction. This court ruled based upon supplemental jurisdiction, supplemental jurisdiction Plaintiffs themselves sought when they filed their state law claims in this court. Therefore, the state law claims were properly before

this court and before the Seventh Circuit for ruling. This court concludes that there was nothing "unjust" about the underlying judgment which was affirmed by the Seventh Circuit even though the Illinois Supreme Court subsequently ruled differently. Therefore, this court concludes that this case does not present extraordinary circumstances which outweigh the strong policy favoring the finality of judgments.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for Relief from Judgment (#112) is DENIED.

ENTERED this 30th day of January, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE