UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| JANE DOE - 2, a Minor through her mother and next Friend, JULIE DOE - 2, and JULIE DOE - 2,<br><br>        Plaintiffs,<br>v.<br><br>JON WHITE, URBANA SCHOOL DISTRICT 116 BOARD OF DIRECTORS, et al.,<br><br>        Defendants. | Case No. 08-CV-2169 |

## OPINION

This case is before the court for ruling on the Motions for Sanctions (#117, #118) filed by Defendants McLean County Unit District No. 5 Board of Directors, Jim Braksick, Alan Chapman, Edward Heineman and John Pye. After careful consideration, this court agrees with Plaintiffs' argument that sanctions are not warranted in this case. Accordingly, Defendants' Motion for Sanctions under 28. U.S.C. § 1927 (#117) and Defendants' Motion for Sanctions under Rule 11 (#118) are DENIED.

### BACKGROUND

On January 30, 2013, this court entered an Opinion (#116) and denied the Motion for Relief from Judgment (#112) filed by Plaintiffs, Jane Doe-2, through her mother and next friend Julie Doe-2, and Julie Doe-2. This court concluded that Plaintiffs' request for relief under Rule 60(b) based on newly discovered evidence was untimely. In addition, this court concluded that Plaintiffs were not entitled to relief under Rule 60(b) based upon a post-

judgment change of law. This court concluded that there was nothing "unjust" about the underlying judgment which was affirmed by the Seventh Circuit even though the Illinois Supreme Court subsequently ruled differently. Therefore, this court concluded that this case did not present extraordinary circumstances which outweighed the strong policy favoring the finality of judgments.

## MOTIONS FOR SANCTIONS

On February 19, 2013, Defendants filed a Motion for Sanctions under 28 U.S.C. § 1927 and Memorandum of Law (#117). Defendants argued that sanctions were warranted because Plaintiffs' Motion for Relief from Judgment was "so lacking in merit . . . that its pursuit by the plaintiff indicates a motive to harass," citing Carr v. Tillery, 591 F.3d 909, 920 (7th Cir. 2010). Defendants argued that those who create unnecessary costs must also bear them, citing Riddle & Assocs., P.C. v. Kelly, 414 F.3d 832, 837 (7th Cir. 2005). Defendants argued that Plaintiffs' position that the judgment should be reopened was not supported by Rule 60 of the Federal Rules of Civil Procedure or any case law interpreting that provision. Defendants also argued that Plaintiffs' Motion did not cite or make any attempt to distinguish Seventh Circuit precedent holding that a change in decisional law is not an extraordinary circumstance that allows opening a judgment. Defendants argued that Plaintiffs' conduct caused them to incur significant legal fees and expenses so that sanctions are warranted. Also on February 19, 2013, Defendants filed a Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure and Memorandum of Law (#118). Defendants argued that

sanctions were warranted under Rule 11 because Plaintiffs' position that the judgment should be reopened was not supported.

On March 7, 2013, Plaintiffs filed a Response to Motion for Sanctions under 28 U.S.C. § 1927 (#119) and a Response to Motion for Sanctions under Rule 11 (#120). Plaintiffs argued that their attorney had not been shown to have acted "vexatiously" under 28 U.S.C. § 1927. They argued that the Motion for Relief from Judgment was filed after reasonable inquiry and was not interposed for any improper purpose. Plaintiffs argued that their attorney's conduct was proper and in good faith. Plaintiffs also argued that sanctions were not warranted under Rule 11 because Defendants did not follow the applicable safe harbor provision. Plaintiffs attached the Affidavit of Professor James E. Pfander, dated March 6, 2013, to their Responses.

In his Affidavit, dated March 6, 2013, Professor Pfander stated that he is a Professor of Law at Northwestern University School of Law and teaches and conducts legal research in the fields of civil procedure and federal jurisdiction. Professor Pfander stated that, after reviewing relevant documents, he concluded that Plaintiffs' Rule 60(b) Motion did not constitute unreasonable or vexatious litigation worthy of sanctions under § 1927 or Rule 11. Professor Pfander set out a detailed explanation for this conclusion.

After careful consideration, this court agrees with Plaintiffs that, although the Motion for Relief from Judgment was denied, it was filed after reasonable inquiry, was not interposed for any improper purpose and was not frivolous. Accordingly, this court concludes that sanctions are not warranted.

IT IS THEREFORE ORDERED THAT Defendants' Motions for Sanctions (#117, #118) are DENIED.

ENTERED this 5th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE